IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION


REBECCA HETHCOX,                    :
                                   :
     Plaintiff,                    :
                                   :
vs.                                :     CIVIL ACTION 14-0274-M
                                   :
CAROLYN W. COLVIN,                 :
Commission of Social Security,     :
                                   :
     Defendant.                    :


MEMORANDUM OPINION AND ORDER


Pending before the Court is Plaintiff Hethcox's Attorney's
Application for Attorney Fees Under the Equal Access to Justice
Act (hereinafter *EAJA*), with supporting Documentation (Doc. 31).
After considering the Application,[1] it is **ORDERED** that the Motion
be **GRANTED** and that Plaintiff be **AWARDED** an EAJA attorney's fee
in the amount of $1,933.61.

Plaintiff filed this action on June 13, 2014 (Doc. 1).  On
February 9, 2015, the undersigned Judge entered a Memorandum
Opinion and Order, affirming the decision of the Commissioner
and dismissing this action (Doc. 22).  Plaintiff appealed that

_____

[1]The Court notes that this Motion was filed on January 15, 2016
(Doc. 31).  Though nearly two months have passed, Defendant has not
responded.  Nevertheless, the Court will rule on the Motion.

decision (Doc. 24) and, on December 16, 2015, the Eleventh
Circuit Court of Appeals ordered that this action be remanded to
the Social Security Administration for reconsideration of
certain evidence (Doc. 28). On December 21, 2015, this Court
remanded this action as instructed by the Appellate Court (Docs.
29-30). On February 8, 2016, the Eleventh Circuit Court of
Appeals' Order of Judgment was entered as mandate (Doc. 32).

On January 15, 2016, William T. Coplin, Jr., Plaintiff's
Attorney, filed an EAJA Fee Application requesting a fee of
$1,933.61, computed at an hourly rate of $189.57 for 10.2 hours
spent in this Court (Doc. 31).

The EAJA requires a court to

> award to a prevailing party . . . fees and
> other expenses . . . incurred by that party
> in any civil action . . . including
> proceedings for judicial review of Agency
> action, brought by or against the United
> States . . . unless the court finds that the
> position of the United States was
> substantially justified or that special
> circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). EAJA further requires that a
prevailing party file an application for attorney's fees within
thirty days of final judgment in the action. 28 U.S.C. §
2412(d)(1)(B). The Eleventh Circuit Court of Appeal's judgment

is final the day its mandate is entered.  Fed.R.App.P. 41(c).

As set out above, three statutory conditions must be satisfied before EAJA fees may be awarded.  *See Myers v. Sullivan*, 916 F.2d 659, 666 (11th Cir. 1990).  First, the claimant must file a fee application within the thirty-day period; also, the claimant must be a prevailing party.  Finally, the Government's position must not be substantially justified.

As noted earlier herein, Defendant has not challenged this Motion or whether any of the prerequisites have been met.  The Court finds that all EAJA requirements are satisfied.

Having found the prerequisites satisfied, the Court will discuss the fee to be awarded.  EAJA is a fee-shifting statute.  The Supreme Court has indicated that "'the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'"  *Watford v. Heckler*, 765 F.2d 1562, 1586 (11th Cir. 1985 (EAJA) (*quoting Hensley v. Eckerhartt*, 461 U.S. 424, 433 (1983) (§ 1988)).  In describing this lodestar method of calculation, the United States Supreme Court stated:

> This calculation provides an objective basis
> on which to make an initial estimate of the
> value of a lawyer's services.  The party
> seeking an award of fees should submit
> evidence supporting the hours worked and the

> rates claimed.  Where the documentation of
> hours is inadequate, the district court may
> reduce the award accordingly.  The district
> court also should exclude from this initial
> fee calculation hours that were not
> "reasonably expended." . . . Cases may be
> overstaffed, and the skill and experience of
> lawyers vary widely.  Counsel for the
> prevailing party should make a good-faith
> effort to exclude from a fee request hours
> that are excessive, redundant, or otherwise
> unnecessary, just as a lawyer in private
> practice ethically is obligated to exclude
> such hours from his fee submission.  In the
> private sector, 'billing judgment' is an
> important component in fee setting.  It is
> no less important here.  Hours that are not
> properly billed to one's client also are not
> properly billed to one's adversary pursuant
> to statutory authority.

*Hensley*, 461 U.S. at 434 (citations omitted).  Counsel must use

professional judgment in billing under EAJA.  A lawyer should

only be compensated for hours spent on activities for which he

would bill a client of means who was seriously intent on

vindicating similar rights.  *Norman v. Housing Authority*, 836

F.2d 1292, 1301 (11th Cir. 1988).

After examining Plaintiff's Attorneys' Application, and

supporting documentation, and considering the reasonableness of

the hours claimed, the Court finds that 10.2 hours expended in

prosecuting this action is reasonable.

In determining the hourly rate to apply in a given EAJA

case, express statutory language provides as follows:

> The amount of fees awarded under this
> subsection shall be based upon prevailing
> market rates for the kind and quality of the
> services furnished, except that . . .
> attorney fees shall not be awarded in excess
> of $125 per hour unless the court determines
> that an increase in the cost of living or a
> special factor, such as the limited
> availability of qualified attorneys for the
> proceedings involved, justified a higher
> fee.

28 U.S.C. § 2412(d)(2)(A) (Supp. 1997).

In *Meyer v. Sullivan*, 958 F.2d 1029 (11th Cir. 1992), the
Eleventh Circuit determined that the EAJA establishes a two-step
analysis for determining the appropriate hourly rate to be
applied in calculating attorney's fees under the Act:

> The first step in the analysis, . . . is to
> determine the market rate for "similar
> services [provided] by lawyers of reasonably
> comparable skills, experience, and
> reputation." . . . The second step, which is
> needed only if the market rate is greater
> than $75 per hour, is to determine whether
> the court should adjust the hourly fee
> upward . . . to take into account an
> increase in the cost of living, or a special
> factor.

*Meyer*, 958 F.2d at 1033-34 (citations and footnote omitted).[2]

---

[2]Subsequent to *Meyer*, the cap was raised from $75.00 per hour to

5

The applicant bears the burden of producing satisfactory
evidence that the requested rate is in line with prevailing
market rates. *NAACP V. City of Evergreen*, 812 F.2d 1332, 1338
(11th Cir. 1987). Satisfactory evidence at a minimum is more
than the affidavit of the attorney performing the work. *Blum v.
Stenson*, 465 U.S. 886, 895 n.11 (1984). Where the fees or time
claimed seem expanded or there is lack of documentation or
testimony in support thereof, the court may make an award on its
own experience. *Norman v. City of Montgomery*, 836 F.2d 1292,
1303 (11th Cir. 1988). Where the documentation is inadequate,
the court is not relieved of its obligation to award a
reasonable fee, but, traditionally, it has had the power to make
an award with no need of further pleadings or an evidentiary
hearing. *Id.*

Beginning in 2001, the prevailing market rate in the
Southern District of Alabama was $125.00 per hour. *See, e.g.*,
*Smith v. Massanari*, Civil Action 00-0812-P-M (S.D. Ala. October
25, 2001); and *Square v. Halter*, Civil Action 00-0516-BH-L (S.D.
Ala. April 12, 2001). However, in 2007, U.S. Magistrate Judge
Cassady fashioned a formula to adjust the prevailing market
hourly rate to account for the ever-increasing cost-of-living.

---

$125.00 per hour, as set out above in 28 U.S.C. § 2412(d)(2)(A).

*Lucy v. Barnhart*, Civil Action 06-0147-C (S.D. Ala. July 5, 2007 (Doc. 32)).  As set out in *Lucy*, the formula to be used in calculating all future awards of attorney's fees under the EAJA is as follows:  "'($125/hour) x (CPI-U Annual Average "All Items Index," South Urban, for month and year of temporal midpoint[3])/152.4, where 152.4 equals the CPI-U of March 1996, the month and year in which the $125 cap was enacted.'"  (*Lucy*, Doc. 32, at p. 11) (*quoting Lucy*, Doc. 31, at p. 2).  The undersigned also adopts this formula in EAJA fee petition actions for use in arriving at the appropriate hourly rate.

The complaint was filed on June 13, 2014 (Doc. 1) and the Court entered its Memorandum Opinion and Order and Judgment on February 9, 2015 (Docs. 22-23), so the temporal midpoint in this action was October 12, 2014.  The CPI-U for October 2014 was 231.131.  Plugging the relevant numbers into the foregoing formula renders the following equation:  $125.00 x 231.131/152.4, the computation of which renders an hourly rate of $189.57.  This hourly rate for 10.2 hours equals $1,933.61.

The Court notes that, in the application for Attorney's

---

[3]"The appropriate endpoint for computing the cost of living adjustment is the temporal midpoint of the period during which the compensable services were rendered[;] . . . [t]he temporal midpoint is calculated by computing the number of days from the date the claim was prepared until the date of the Magistrate or District Judge's Order and Judgment."  *Lucy v. Barnhart*.  Civil Action 06-0147-C (S.D.

Fees, Counsel for Plaintiff requests that any award of attorney's fees be paid to Plaintiff's Attorney rather than to Plaintiff (Doc. 31).

As noted earlier, EAJA allows a Court to make an "*award to a prevailing party.*"  28 U.S.C. § 2412(d)(1)(A).  In *Panola Land Buying Ass'n v. Clark*, 844 F.2d 1506, 1509 (11th Cir. 1988), the Eleventh Circuit Court of Appeals stated that "[i]t is readily apparent that the party eligible to recover attorneys' fees under the EAJA as part of its litigation expenses is the prevailing party."  *See also Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir.), *cert. denied*, 555 U.S. 1072 (2008) ("We conclude the EAJA means what it says:  attorney's fees are awarded to the 'prevailing party,' not to the prevailing party's attorney").  The United States Supreme Court, in the unanimous decision of *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010), held "that a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States," removing any doubt as to whom the award should be paid.

In this action, Plaintiff has assigned her Attorney's Fees under EAJA to Attorney Coplin (Doc. 31 Exhibit).  However, under

the reasoning of *Reeves* and *Ratliff*, the Court finds that the award should be paid to Plaintiff Hethcox and not to her Attorney.

In conclusion, it is **ORDERED** that Plaintiff's Application be **GRANTED** as set out above and that Plaintiff be **AWARDED** an EAJA Attorney's fee in the amount of $1,933.61.

DONE this 14th day of March, 2016.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE